IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

CLEAN AIR COUNCIL, et al.,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

Respondents.

———————

**EPA'S MOTION TO RECALL THE MANDATE**

———————

*Of Counsel:*
AMY HUANG BRANNING
  *U.S. EPA, Headquarters*
  *Office of General Counsel*

JEFFREY H. WOOD
  *Acting Assistant Attorney General*

BENJAMIN R. CARLISLE
  *Attorney, Environmental Defense Section*
  *Environment and Natural Resources Div.*
  *U.S. Department of Justice*
  *P.O. Box 7611*
  *Washington, D.C. 20044*
  *(202) 514-9771*
  *benjamin.carlisle@usdoj.gov*

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

## A. PARTIES AND AMICI

### (i) Parties, Intervenors, and Amici Who Appeared in the District Court

This case is a petition for review of final agency action, not an appeal from the ruling of a district court.

### (ii) Parties to the Case:

<u>Petitioners</u>: Clean Air Council, Earthworks, Environmental Defense Fund, Environmental Integrity Project, Natural Resources Defense Council, and Sierra Club.

<u>Respondents</u>: The United States Environmental Protection Agency ("EPA") and Scott Pruitt, in his official capacity as Administrator of the United States Environmental Protection Agency.

<u>Intervenors</u>: American Petroleum Institute; Interstate Natural Gas Association of America; GPA Midstream Association; Texas Oil and Gas Association; Independent Petroleum Association of America; American Exploration & Production Council; Domestic Energy Producers Alliance; Eastern Kansas Oil & Gas Association; Illinois Oil and Gas Association; Independent Oil and Gas Association of West Virginia, Inc.; Indiana Oil and Gas Association; International Association of Drilling Contractors; Kansas Independent Oil and Gas Association; Kentucky Oil and Gas Association; Michigan Oil and Gas Association; National Stripper Well Association; North Dakota Petroleum Council; Ohio Oil and Gas Association;

ii

Pennsylvania Independent Oil & Gas Association; Texas Alliance of Energy Producers; Texas Independent Products & Royalty Owners Association; West Virginia Oil and Natural Gas Association; Oklahoma Independent Petroleum Association; State of West Virginia; State of Alabama; State of Kansas; Commonwealth of Kentucky; State of Louisiana; Attorney General Bill Schuette for the People of Michigan; State of Montana; State of Ohio; State of Oklahoma; State of South Carolina; State of Wisconsin; Commonwealth Kentucky Energy and Environment Cabinet; Western Energy Alliance; Commonwealth of Massachusetts; City of Chicago; State of Connecticut; State of Delaware; District of Columbia; State of Illinois; State of Iowa; State of Maryland; State of New Mexico; State of New York; State of Oregon; Commonwealth of Pennsylvania; Pennsylvania Department of Environmental Protection; State of Rhode Island; State of Vermont; State of Washington; State of Texas; and State of North Dakota

**(iii) Amici in this Case:**

None.

**B. RULINGS UNDER REVIEW**

Petitioners seek review of the final action taken by EPA at 82 Fed. Reg. 25,730 (June 5, 2017), entitled "Oil and Natural Gas Sector: Emission Standards for New, Reconstructed, and Modified Sources; Grant of Reconsideration and Partial Stay."

## C. STATEMENT OF RELATED CASES

Respondents are aware of the following consolidated case related to this matter, which may involve the same or similar issues: *American Petroleum Institute v. EPA*, D.C. Cir. No. 13-1108. That case, and the cases consolidated with it, are presently held in abeyance and challenge the 2016 Rule that is the subject of EPA's June 5, 2017, decision that is, in turn, the subject of challenge in the present case.

DATED: July 7, 2017 /s/ *Benjamin R. Carlisle*
Benjamin R. Carlisle

# TABLE OF CONTENTS

Table of Contents..................................................................................................v

Table of Authorities............................................................................................vi

Background ........................................................................................................1

Argument............................................................................................................2

Conclusion..........................................................................................................6

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE**

*Calderon v. Thompson*,
    523 U.S. 538 (1998) ................................................................................................ 1, 4

*FCC v. Fox TV Stations, Inc.*,
    556 U.S. 502 (2009) ................................................................................................... 3

*Nat'l Ass'n of Home Builders v. EPA*,
    682 F.3d 1032 (D.C. Cir. 2012) ................................................................................ 3

*Nken v. Holder*,
    556 U.S. 418 (2009) ................................................................................................... 5

*Wickliffe v. Reno*,
    No. 96-5098, 2011 U.S. App. LEXIS 26338 (D.C. Cir. July 27, 2011) ............... 1

*Winter v. NRDC, Inc.*,
    555 U.S. 7 (2008) ....................................................................................................... 5

**STATUTES**

42 U.S.C. § 7607(d)(7)(B) ................................................................................................... 3

**RULES**

D.C. Cir. Rule 35(a) ............................................................................................................ 2

D.C. Cir. Rule 41(a) ............................................................................................................ 2

Fed. R. App. P. 40(a) ...................................................................................................... 2, 3

Fed. R. App. P. 41(b) ......................................................................................................... 2

Fed. R. App. P. 41(d)(1) .................................................................................................... 4

**FEDERAL REGISTER**

81 Fed. Reg. 35,824 (June 3, 2016) ................................................................................. 1

82 Fed. Reg. 27,641 (June 16, 2017) ............................................................................... 5

82 Fed. Reg. 27,645 (June 16, 2017) ............................................................................... 5

Respondents respectfully move the Court to recall the mandate issued in this case and thereby to provide EPA with the standard period (or such other reasonable period as the Court deems appropriate) of relief from immediate compliance during which to consider whether to seek further review of the Court's July 3, 2017, decision. Although exercised sparingly and in extraordinary circumstances, this Court has inherent authority to recall its mandate. *See Calderon v. Thompson*, 523 U.S. 538, 550 (1998); *Wickliffe v. Reno*, No. 96-5098, 2011 U.S. App. LEXIS 26338, at *1 (D.C. Cir. July 27, 2011).

## BACKGROUND

On June 5, 2017, Petitioners, a group of environmental organizations, filed a Petition for Review challenging EPA's decision to issue a short-term stay of certain provisions of a final rule issued in 2016, the "Oil and Natural Gas Sector: Emission Standards for New, Reconstructed, and Modified Sources; Final Rule." 81 Fed. Reg. 35,824 (June 3, 2016) (the "2016 Rule"). In conjunction with this challenge, Petitioners also filed an Emergency Motion for a Stay or, in the Alternative, Summary Vacatur of the EPA's stay decision. EPA and certain Intervenors for Respondents opposed this motion.

On July 3, 2017, the Court issued a per curiam opinion (with one judge dissenting) summarily vacating EPA's stay decision. The Court further issued an order directing the Clerk of the Court to "issue the mandate forthwith to the agency." Pursuant to this direction, the mandate issued on July 3, 2017.

# ARGUMENT

Although the Court has discretion to shorten or extend the time after which the mandate issues, the Court's standard practice is that the mandate "must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b); *see also* D.C. Cir. Rule 41(a) (court ordinarily will direct the clerk to withhold the mandate until the expiration of such period).

By taking the unusual step of directing that the mandate issue forthwith, the Court required immediate compliance with its decision (and, therefore, compliance with the full scope of the 2016 Rule, including those provisions that are being reconsidered), notwithstanding that EPA and regulated parties would ordinarily be provided with 52 days, or longer, before compliance was required. Fed. R. App. P. 40(a) (affording "a United States agency" like EPA 45 days in which to file a petition for panel rehearing); D.C. Cir. Rule 35(a) (same for petition for rehearing *en banc*). Unlike cases where recall is sought of a mandate that issued after a full opportunity for rehearing, the Court's departure from its norms deprived EPA and the Intervenor-Respondents of the standard relief from immediate compliance while they respond or articulate objections—itself an extraordinary circumstance.

EPA is currently evaluating the Court's decision in order to determine whether to seek panel rehearing, rehearing *en banc*, or pursue other relief. The unusual posture
2

of the Court's decision—summary vacatur, without full briefing or oral argument, of an agency decision involving first-impression issues of EPA's authority to briefly stay a rule under 42 U.S.C. § 7607(d)(7)(B) where it has decided, rather than is required, to grant reconsideration—further renders this case extraordinary and illustrates why it is appropriate that the mandate be recalled. In addition, the substantial doubt that Judge Brown's dissent casts on the Court's power to hear this case or grant relief justifies affording EPA a meaningful opportunity to consider whether to seek rehearing before compliance with the Court's decision and the full scope of the 2016 Rule is required.

For good reason, the Federal Rules of Appellate Procedure and this Court's rules provide that in cases involving the United States, additional time is afforded to seek rehearing and rehearing *en banc*. *See* Fed. R. App. P. 40(a)(1); 1994 Advisory Committee Notes to Fed. R. App. P. 40(a) (recognizing that the Government "needs time to conduct a thorough review of the merits of a case before requesting a rehearing"); D.C. Cir. Rule 35(a). The interest in affording the Government an adequate opportunity to review the Court's decision and seek meaningful review is particularly compelling here, where a new administration is exercising its prerogative to re-examine policy in light of the results of the democratic process. *See* Slip. Op. at 23 (recognizing this prerogative and citing *FCC v. Fox TV Stations, Inc.*, 556 U.S. 502, 515 (2009)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1043 (D.C. Cir. 2012) ("A change in administration brought about by the people casting their votes is a

perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations." (citation omitted)).

In light of these interests in allowing the United States and the regulated community the standard period to thoughtfully decide whether to seek further review of the significant issues raised by the Court's decision, recall of the mandate is warranted. Moreover, even in the event of an adverse judicial decision, the regulated community would ordinarily be afforded a reasonable amount of time to make the necessary adjustments to ensure compliance (including, in appropriate cases, the option of filing a motion to stay issuance of the mandate pursuant to Fed. R. App. P. 41(d)(1)). Not so here. The Court has arguably placed the regulated community abruptly at risk of noncompliance with the 2016 Rule. Meaningful further review of the Court's decision may, therefore, be impaired to the extent that EPA and the regulated community must immediately conform their behavior to the Court's immediate mandate. Particularly given that the mandate issued immediately and EPA has promptly moved to recall the mandate, the traditional concerns relating to "repose" and the finality of the Court's decision, *see Calderon*, 523 U.S. at 550, have little persuasive force and do not outweigh these interests.

EPA, the regulated community, and the public also have compelling interests— separate and apart from the interest in seeking further judicial relief—that are served by receiving reasonable notice of the Court's decision before the mandate issues. For example, the immediate issuance of the mandate affords EPA little time to instruct

4

the public or regulated community as to how the affected provisions of the 2016 Rule will be implemented. This task is non-trivial, particularly given EPA's June 16, 2017, proposals that aspects of the 2016 Rule be subject to additional stays of the compliance deadline. *See* 82 Fed. Reg. 27,641 (June 16, 2017); 82 Fed. Reg. 27,645 (June 16, 2017).

Finally, despite formally denying as moot Petitioners' request for a stay of EPA's decision, by granting summary vacatur and then immediately issuing the mandate the Court, in effect, circuitously granted Petitioners the stay they requested. It did so, however, without making any finding of irreparable harm and without balancing the equities to determine whether a stay of EPA's stay decision—resulting in immediate compliance with the full scope of the 2016 Rule—was appropriate. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008); *Nken v. Holder*, 556 U.S. 418, 438 (2009) (Kennedy, J., concurring). As EPA explained in its principal brief in response to Petitioners' emergency motion, EPA's 90-day stay of the 2016 Rule would result in only an incremental emissions difference such that these factors do not support a stay of EPA's decision. Respectfully, in the absence of such irreparable harm and in light of the equities, the Court should adhere to its standard practice of allowing parties a reasonable opportunity to seek relief from the Court's decision prior to the issuance of the mandate.

## CONCLUSION

For all of the foregoing reasons, the Court should recall the mandate and provide EPA and the Respondent-Intervenors with the standard period (or such other reasonable period as the Court deems appropriate) of relief from immediate compliance during which to consider whether to seek relief from the Court's July 3, 2017, decision.

Respectfully submitted,
JEFFREY H. WOOD
   *Acting Assistant Attorney General*

*Of Counsel*:
AMY HUANG BRANNING
   *U.S. EPA, Headquarters*
   *Office of General Counsel*

s/*Benjamin R. Carlisle*
BENJAMIN R. CARLISLE
   *Attorney, Environmental Defense Section*
   *Environment and Natural Resources Div.*
   *U.S. Department of Justice*
   *P.O. Box 7611*
   *Washington, D.C. 20044*
   *(202) 514-9771*
   *benjamin.carlisle@usdoj.gov*

JULY 7, 2017
90-5-2-3-21123

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(A)

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Garamond, a proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,322 words, excluding the parts of the brief exempted under Rule 32(f), according to the count of Microsoft Word.

 s/ *Benjamin R. Carlisle*  
BENJAMIN R. CARLISLE

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I electronically filed the foregoing EPA's Motion to Recall the Mandate with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

s/ <i>Benjamin R. Carlisle</i><br>
BENJAMIN R. CARLISLE